1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO
3
4    FRANCISCO PEREZ ORTIZ, et al.,
5
6         Plaintiffs,
                                              Civil No. 09-2261 (JAF)
7
8         v.
9
10   ALBERIC COLON ZAMBRANA, et al.,
11
12        Defendants.
13
14

15                    **OPINION AND ORDER**

16        Plaintiffs, Francisco Pérez-Ortiz (Ortiz); Maria Lancara-Maldonado (Maldonado);[1]

17   Maldonado's children, Efraín O. Cornier-Lancara (Efraín) and Blanca Cornier-Lancara;

18   Ortiz's children, Namir Pérez del Valle, Ayleen Pérez del Valle,[2] and Lucía Ortiz del Valle;

19   bring this maritime tort action against defendants, Alberic Colón-Zambrana (Zambrana);

20   Zambrana's wife, Celeste Solís Aguiló; their conjugal partnership; and unknown insurance

21   companies.  (Docket No. 1.)  This court has admiralty and maritime jurisdiction under 28

22   U.S.C. § 1333.[3]  Defendants move for partial summary judgment under Federal Rule of Civil

---

[1] Although the complaint refers to Maldonado as Ortiz's "common-law wife," this purported designation is of no moment.  Puerto Rico does not recognize common-law marriages. Ayuso-Morales v. Secretary of Health and Human Services, 677 F.2d 146, 147.

[2]This Plaintiff, nineteen years old, is represented by her father, Francisco Pérez-Ortiz.

[3] The statute provides: "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

Civil No. 09-2261 (JAF)                                                              -2-

1    Procedure 56.  (Docket No. 53.)  Plaintiffs oppose (Docket No. 59), and Defendants respond

2    (Docket No. 64).

3                                              **I.**

4                                      **Factual Synopsis**

5           Unless otherwise noted, we derive the following factual summary from the complaint

6    and the statements of facts submitted by the parties in their summary judgment and

7    opposition motions. (Docket Nos. 1; 53; 54; 55; 59.)

8           On July 24, 2009, while snorkeling, Plaintiffs Ortiz and Efraín were injured when hit

9    by defendant Zambrana's boat.  (Docket No. 1 at 8.)  The accident occurred in the territorial

10   waters of Puerto Rico, which are navigable waters of the United States, near Dakiti Beach

11   off the island of Culebra.  (Docket No. 1 at 7.)

12          Plaintiffs Ortiz and Efraín were snorkeling with a larger group that included Plaintiff

13   Juan Carlos Cornier-Lancara, as well as Pedro Quiles (Ortiz's nephew), José Gabriel Santos-

14   Casanova, John Johnson, and Luis Méndez.  (Docket No. 1 at 7.)  This group of men had

15   been snorkeling for approximately two hours before the accident happened. (Id.)  Earlier that

16   morning, the group of divers had separated from a larger group of family and friends.

17   (Docket No. 1 at 6.)  This other group, which included Plaintiff María Lancara-Maldonado,

18   remained on boats anchored on Dakiti Beach.  (Id.)  The divers planned to return to the boats

19   later in the day, after doing some harpoon fishing and snorkeling in the nearby reefs.  (Docket

20   No. 1 at 7.)

1    At around noon that day, defendant's boat, the Tiara, struck Plaintiffs Ortiz and

2    Efraín. (Docket No. 1 at 8.)  The impact of the boat's propeller caused serious injuries to

3    Ortiz. (Id.) At the hospital after the accident, Ortiz's left leg was amputated above the knee.

4    (Docket No. 1 at 13.)  Ortiz also required fourteen pints of blood transfusion and ten skin

5    staples on his right leg.  (Id.)  After undergoing surgery for his injuries, Ortiz remained in a

6    coma for four days. (Docket No. 1 at 14.)  Ortiz also required a second surgery to finish the

7    amputation, as well as several therapy sessions in a hyper-baric chamber to treat his wounds.

8    (Id.) He suffered from "phantom pain" in the place his injured leg used to be.  (Docket No. 1

9    at 13.)

10    Today, as a result of the injury, Ortiz continues to suffer emotional distress, anxiety,

11    pain, and suffering.  (Docket No. 1 at 15.)  He has insomnia and nightmares and was treated

12    for depression.  (Id.)  The injury has prevented Ortiz from being able to work at his previous

13    job as an independent contractor.  (Id.)

14    In the collision, Efraín also suffered minor bruises and abrasions from the propeller,

15    which collided with his swimming fin and broke it in two. (Docket No. 1 at 13.)

16    Plaintiffs allege that at the time of the accident, defendant was operating his boat in

17    a negligent manner.  (Docket No. 1 at 18.)  Plaintiffs further allege defendant denied them

18    assistance after the accident. (Docket No. 1 at 19.)  Defendants counter that Plaintiffs failed

19    to comply with local regulations requiring a diver's flag.  (Docket No. 52 at 2.)

Civil No. 09-2261 (JAF)                                                        -4-

1      Plaintiffs seek $15,100,000 to compensate Ortiz for his physical and emotional

2 injuries, past and future medical expenses, loss of income, lost future earnings, and hedonic

3 damages.   They also seek $2,100,000 for the injuries, medical expenses and diminished

4 earning capacity of Plaintiff Efraín.  María Lancara-Maldonado, referred to in the complaint

5 as Ortiz's "common-law wife," seeks $1,550,000 for emotional distress, medical expenses

6 for psychiatric treatment, and diminished earning capacity. Her children, Blanca Cornier-

7 Lancara and Juan Carlos Cornier-Lancara, seek $500,000 each for emotional distress caused

8 by the accident.  Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-Tirado, each

9 children of Francisco Pérez-Ortiz, seek $500,000 for their emotional distress.  Ayleen Pérez

10 del Valle seeks an additional $250,000 for medical expenses associated with mental health

11 services she required after the accident.

12      Defendants move for partial summary judgment. (Docket No. 53.)  Defendants seek

13 dismissal of the emotional distress claim raised by Plaintiffs María Lancara-Maldonado,

14 Blanca Cornier-Lancara, Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-

15 Tirado. (Id.)  Defendants argue that these Plaintiffs have failed to state a claim upon which

16 relief can be granted under federal maritime law.  (Id.)  Plaintiff opposes (Docket No. 59),

17 and Defendants respond (Docket No. 64).

18

Civil No. 09-2261 (JAF)                                                          -5-

## II.

## Summary Judgment Under Rule 56

We must grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The movant may satisfy this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  Furthermore, to establish the absence of a genuine dispute of material fact, the movant need not produce evidence but may instead point to a lack of evidence supporting the nonmovant's case.  See Fed. R. Civ. P. 56(c)(1)(B); see also Celotex, 477 U.S. at 325.  "Once the moving party has made a preliminary showing that no genuine [dispute] of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy [dispute]."  Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted); see also Fed. R. Civ. P. 56(c)(1).

Civil No. 09-2261 (JAF)                                                                          -6-

1       In evaluating a motion for summary judgment, we must view the record in the light

2    most favorable to the nonmovant.  See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133,

3    150–51 (2000).  "The court need consider only the cited materials, but it may consider other

4    materials in the record."  Fed. R. Civ. P. 56(c)(3).

5                                                    **III.**

6                                                 **Analysis**

7          Defendants move for partial summary judgment.  (Docket No. 53.)  Defendants

8    maintain that under federal maritime law, negligent infliction of emotional distress is the

9    only cognizable claim presented by Plaintiffs María Lancara-Maldonado, Blanca Cornier-

10   Lancara, Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-Tirado.  (Docket

11   No. 54.)  Because these Plaintiffs were not present at the scene of the accident, defendants

12   argue, these Plaintiffs cannot recover for negligent infliction of emotional distress.  (Id.)

13   Plaintiffs dispute defendants' characterization of federal maritime law.  (Docket No. 59.)

14   Plaintiffs further argue that even if their claim is barred by federal maritime law, they should

15   be allowed to recover under Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.

16   (Id.)  For the reasons described below, we find for defendants.

17          **A.      Negligent Infliction of Emotional Distress**

18          This case is a maritime tort within the definition provided by the United States Court

19   of Appeals for the First Circuit, Medina v. Perez, 733 F.2d 170, 171 (1st Cir. 1984).   It is

20   well-settled that when admiralty jurisdiction is invoked, substantive maritime law applies.

Civil No. 09-2261 (JAF)                                                    -7-

1    East River S.S. Corp. V. Transamerica Delaval, Inc., 476 U.S. 858, 864, 106  S.Ct. 2295,

2    90 L.Ed.2d 865 (1986).  This principle serves to promote uniformity in admiralty actions.

3    See Tucker v. Fearn, 333 F.3d 1216, 1224 (11th Cir. 2003).

4          While the First Circuit has not expressly decided whether negligent infliction of

5    emotional distress is a cause of action in federal maritime law, Ellenwood v. Exxon

6    Shipping Co., 984 F.2d 1270 (1st Cir. 1993), other circuits have held that it is, see, e.g., Chan

7    v. Society Expeditions, Inc., 39 F.3d 1398 (9th Cir. 1994).  In Chan, the Ninth Circuit held

8    that "claims for emotional distress are cognizable under admiralty law," id. at 1409, citing

9    Consolidated Rail Corp. V. Gottshall, 512 U.S. 532, 550, 114 S.Ct. 2396, 129 L.Ed.2d 427

10   (1994).  We have also held that negligent infliction of emotional distress is a cognizable

11   claim under federal maritime law.  Peemoller Sultan v. Pleasure Craft Contender, 139

12   F.Supp.2d 230; Kunkel v. Motor Sport, Inc., 349 F.Supp.2d 198.  Because negligent

13   infliction of emotional distress is a cognizable claim under admiralty law, we must apply the

14   rules of admiralty.  Id.

15         In Peemoller, we announced the three standards governing liability for negligent

16   infliction of emotional distress: (1) the "physical injury or impact" test; (2) the "zone of

17   danger" standard; and (3) the "bystander proximity" test.  Id. at 235.  Under the "physical

18   injury or impact" test, a Plaintiff may only recover if he or she experiences physical contact

19   or injury in addition to emotional distress.  Id.  To recover under the "zone of danger" test,

20   a Plaintiff must be at risk of physical injury while also witnessing the endangerment of

Civil No. 09-2261 (JAF)                                                          -8-

1    another.  Id.  Under the "bystander proximity" theory, a Plaintiff may only recover if he or

2    she: (1) is physically close to scene of the accident; (2) directly witnesses the incident; and

3    (3) is a close relation of the victim.  Id.

4          To recover under any of these tests, a Plaintiff must be close enough to the scene to

5    witness the accident.  Defendants argue that recovery is, therefore, barred for Plaintiffs

6    María Lancara-Maldonado, Blanca Cornier-Lancara, Namir Pérez del Valle, Ayleen Pérez

7    del Valle, and Lucía Ortiz-Tirado, because none were at the scene of the accident.  (Docket

8    No. 54.)  Defendant has submitted a statement of uncontested facts showing that Plaintiff

9    María Lancara-Maldonado was on the boat at the time of the accident and did not witness

10   the collision. (Docket No. 55 at Exh. 1-6.)  The statement also shows that Plaintiff Blanca

11   Cornier-Lancara was at Icacos Beach in Fajardo (Docket No. 55 at Exh. 7-10).   The

12   remaining Plaintiffs Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-Tirado

13   were on the main island of Puerto Rico.  (Docket No 55 at Exh. 11-18.)  According to the

14   statement, then, none of these Plaintiffs witnessed the collision that injured Plaintiffs Ortiz

15   and Efraín.  (Docket No. 55 at 13.)  Plaintiffs have deemed and accepted all portions of the

16   Defendant's statement of uncontested facts as true.  (Docket No. 59 at 2.)

17         Therefore, under federal maritime law, Plaintiffs cannot recover for negligent

18   infliction of emotional distress.  The "physical injury or impact," "zone of danger," and

19   "bystander proximity" theories all bar recovery for María Lancara-Maldonado, Blanca

Civil No. 09-2261 (JAF)                                                             -9-

1    Cornier-Lancara, Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-Tirado.

2    Because none of these Plaintiffs witnessed the collision, none may recover under this theory.

3    **B.**    **Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.**

4         Plaintiffs argue, in the alternative, that they are entitled to recover under Article 1802

5    of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.  (Docket Nos. 1, 59.)  Under Puerto Rico

6    law, Plaintiffs contend, a plaintiff need not witness the scene of the accident to recover.

7    (Docket No. 59.)  The statute provides: "A person who by an act of omission causes damage

8    to another through fault of negligence shall be obliged to repair the damage so done."

9    Plaintiffs ask the court to invoke supplementary jurisdiction under 28 U.S.C.  § 1367 and

10   apply Puerto Rico law.  Id.

11        Plaintiffs' request misapprehends the nature of federal maritime law.  Because this

12   case is a maritime tort, it falls within the jurisdiction of 28 U.S.C.  § 1333, not 28 U.S.C.

13   §1367.   When admiralty jurisdiction is invoked, substantive maritime law applies.  East

14   River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 864, 106  S.Ct. 2295, 90

15   L.Ed.2d 865 (1986).  Negligent infliction of emotional distress is a cognizable claim under

16   federal maritime law.  See Chan, 39 F.3d 1398 ; Peemoller, 139 F.Supp.2d 230.  Therefore,

17   we must apply the rules of admiralty.  Id.

18        The United States Supreme Court has held that the exercise of admiralty jurisdiction

19   "does not result in automatic displacement of state law."  Yamaha Motor Corp., U.S.A. v.

20   Calhoun, 516 U.S. 199, 206, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996).  "Even though general

Civil No. 09-2261 (JAF)                                                             -10-

1   maritime law principles govern liability in admiralty action, state law may supplement

2   damages."  Id. at 216.  In Peemoller, we acknowledged that "federal maritime law may be

3   supplemented by state law in very discrete and exceptional procedural or remedial

4   circumstances."  139 F.Supp.2d. at 237.

5        As we said in Peemoller, the application of state law[4] to maritime claims has been

6   carefully circumscribed by the Supreme Court:  "The extent to which state law may be used

7   to remedy maritime injuries is constrained by a so-called 'reverse-Erie' doctrine which

8   requires that the substantive remedies afforded by the States conform to governing federal

9   maritime standards."  Id. at 236, quoting Offshore Logistics, Inc. V. Tallentire, 477 U.S.

10  207, 223, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (internal citations omitted).  We also noted

11  that state legislation affecting maritime activity is invalid if it "interferes with the proper

12  harmony and uniformity of that law in its international and interstate relations."  Id. at 236,

13  quoting S. Pac. Co. V. Jensen, 244 U.S. 205, 216, 37 S.Ct. 524, 61 L.Ed. 1086 (1917).

14       In other words, while state law can be used to supplement damages, it cannot

15  establish liability when federal admiralty law specifically precludes it.  See IMTT-Gretna

16  v. Robert E. Lee SS, 993 F.2d 1193, 1195 (5th Cir. 1993).  This is because "the 'uniformity'

17  that is fundamental in maritime law has to do with the bases of liability, not with differing

18  elements of damages that may be recoverable in differing circumstances with differing

---

[4] Although Puerto Rico is a territory (Commonwealth) and not a state, we use the term "state law" to refer to Puerto Rico's legislation throughout this opinion.

1 classes of beneficiaries." See Dennis v. Central Gulf S.S. Corp., 453 F.2d 137 (5th Cir.

2 1972).

3        In this case, federal admiralty law prohibits the Plaintiffs from recovering for

4 negligent infliction of emotional distress, because they did not witness the accident.

5 Plaintiffs cannot then appeal to Puerto Rico law to circumvent this rule. See Peemoller, 139

6 F.Supp.2d 230; Kunkel, 349 F.Supp.2d 198.  This holding is consistent with our past

7 decisions that applied federal maritime law in the territorial waters of Puerto Rico, which

8 are navigable waters of the United States and, therefore, subject to admiralty and maritime

9 uniform federal law and jurisdiction.  See Santiago v. Sea-Land Serv., Inc., 366 F.Supp.

10 1309, 1313 (D.P.R.1973) ("The requirement of uniformity . . . prescribes that the federal

11 admiralty courts should proceed according to the national Maritime Law and limit their

12 power to borrow local law by way of supplementation or modification thereof."); Fireman's

13 Ins. Co. v. Gulf P.R. Lines, Inc., 349 F.Supp. 952, 962 (D.P.R.1972) (finding Puerto Rico

14 Civil Code inapplicable in light of uniform federal maritime law); P.R. v. Sea-Land Serv.,

15 Inc., 349 F.Supp. 964, 968, 971 (D.P.R.1970) (applying federal maritime statute despite

16 conflicting Puerto Rico local legislation).

17                                         **IV.**

18                                   **Conclusion**

19        In accordance with the foregoing, we **GRANT** Defendants' motion for partial

20 summary judgment (Docket No. 53).

Civil No. 09-2261 (JAF)                                                                      -12-

1       Consequently, the claims of Plaintiffs María Lancara-Maldonado, Blanca Cornier-

2    Lancara, Namir Pérez del Valle, Ayleen Pérez del Valle, and Lucía Ortiz-Tirado are hereby

3    **DISMISSED WITH PREJUDICE**.

4       We require the parties to appear for a Settlement Conference to be held on

5    **September 22, 2011, at 1:30 P.M.**

6          **IT IS SO ORDERED.**

7       San Juan, Puerto Rico, this 9th day of September, 2011.

8                                                                   s/José Antonio Fusté
9                                                                   JOSE ANTONIO FUSTE
10                                                                  United States District Judge