UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FRANCISCO PEREZ ORTIZ, ET. AL.

Plaintiffs,

v.

ALBERIC COLON ZAMBRANA, ET. AL.

Defendants.

Civil No. 09-2261 (JAF)

**O R D E R**

Plaintiffs, Francisco Pérez-Ortiz ("Ortiz"); Efraín O. Cornier-Lancara ("Efraín"); and Juan C. Cornier-Lancara ("Juan"); bring this maritime tort action against defendants Alberic Colón-Zambrana ("Zambrana"); Zambrana's wife, Celeste Solís-Aguiló ("Solis); their conjugal partnership; and unknown insurance companies. (Docket No. 1.) This court has admiralty and maritime jurisdiction under 28 U.S.C. § 1333.[1] Defendants request a ruling on the application of Article 32(1) of Regulation 6979 ("Regulation 6979") of the Puerto Rico Regulations for the Registration, Navigation and Aquatic Safety. (Docket No. 52.) Plaintiffs oppose (Docket No. 65), and Defendants respond (Docket No. 70).

[1] The statute provides: "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

We have already provided a detailed summary of the facts of this case in our Opinion and Order of September 12, 2011, granting Defendants' motion for partial summary judgment. (Docket No. 140.) However, here we include a brief summary and additional facts relevant to this motion.

On July 24, 2009, while snorkeling and harpoon fishing, Plaintiffs were injured when hit by Zambrana's boat. (Docket No. 1 at 8.) Plaintiffs allege that Defendants were negligently operating their vessel, and that defendants Zambrana and Solís denied them assistance after the accident. (Id. at 19).

Defendants counter that plaintiffs failed to comply with Puerto Rico regulations requiring a diver's flag. (Docket No. 52 at 2.) They point to Regulation 6979. Article 32(1) of Regulation 6979 ("Regulation 6979") states:

> A flag must be displayed for all diving activity. The shape of the flag will be rectangular, with a length of 16 inches and a width of 12 inches (16 " x 12 "), red in color, bearing a white diagonal stripe with a width of 2 inches from its upper left hand corner to its lower right hand corner.[2]

Regs. for the Registration, Navigation and Aquatic Safety in P.R., art. 32(1), reg. 6979 (2005), enacted pursuant to 12 L.P.R.A. § 1401 (2000).

Plaintiffs admit that they were not using a diving flag at any time during the trip (Docket No. 65 at 4), but deny that Regulation 6979 applies to them. (Id.) Plaintiffs argue that because "diving activity" is not defined in Regulation 6979 or its enabling statute,

---

[2]Certified translation in compliance with L.Cv.R. 5(g), Docket No. 52 at 17.

Regulation 6979 cannot apply to snorkeling and harpoon fishing. (Id. at 5.) Defendants bring a motion, requesting a ruling that Article 32(1) of Regulation 6979 applies to the facts of the case and arguing that the term "diving activity" applies to Plaintiffs' activities. (Docket No. 52 at 10.)

In Spanish, Regulation 6979 states, "Toda actividad de buceo deberá desplegar una bandera." (Docket No. 52-18.) A certified translation of Regulation 6979 reads, "A flag must be displayed for all diving activity." (Id.) "Buceo" is defined as "acción de bucear," or "the act of diving;" "bucear," or "dive," is defined by the dictionary of the Real Academia Española: "to swim with the entire body submerged."[3] Real Academia Española, *Buceo*, Diccionario de la Lengua Española, http://buscon.rae.es/draeI/ (last visited Sept. 13, 2011). Therefore, Defendants argue, Regulation 6979 applies to Plaintiffs' activity because, at various times during Plaintiffs' excursion, Plaintiffs' bodies were completely submerged in the water. (Docket No. 52 at 10, 16.)

Defendants also point to the interpretation of Article 32(1) by an employee of the Puerto Rico Department of Natural Resources ("DNR"). (Id. at 9.) While deposed, an employee of the DNR, Sergeant Enrique Pérez-Prado ("Prado"), was asked if it was the "official position" of his Department that Article 32 applied to snorkeling. (Docket No. 52-20.) Prado answered in the affirmative, citing to the same dictionary definition as provided above by the Dictionary of the Real Academia Española. (Id.) Referring to the word

[3]Certified translation of dictionary definition, in compliance with L.Cv.R. 5(g), Docket No. 52-19.

"buceo," Prado said, "That means diving, even if you don't have equipment or a tank." (Id.) Defendants cite to decisions holding that a state agency's interpretation of state laws is entitled to deference by a court. (Docket No. 52 at 5 (citing Antilles Cement Corporation v. Acevedo Vilá, 408 F.3d 41, 51 (1st Cir. 2005); Pharm. Research & Mfrs. Of Am. v. Concannon, 249 F.3d 66, 75, (1st Cir. 2001)).)

Plaintiffs respond that Regulation 6979 does not apply to them, because it does not explicitly define "diving activity," and does not expressly state that it applies to "snorkeling" or "harpoon fishing." (Docket No. 65 at 5.) Plaintiffs further argue that they took adequate precautions to avoid a collision, by sticking together as a group and displaying buoys. (Id. at 7.)

We agree with Defendants. The words "diving activity" encompass the plaintiffs' activities on July 24, 2009. While snorkeling and harpoon fishing, plaintiffs' bodies were submerged in the water on several occasions during the excursion. (Docket No. 52 at 16.) This activity falls within the Real Academia Española definition of the term "buceo," even if the term is not defined in Regulation 6979 itself. The interpretation of Prado, an official with the DNR, bolsters our holding. (Docket No. 52-20; see Zambrana v. Gonzalez, 145 P.R. Dec. 616, 639 (1998) (holding that agency's interpretation of Commonwealth law is entitled to deference).)

We hold that Article 32(1) applies to the facts in this case. A jury will be free to consider Regulation 6979 when deciding whether plaintiffs were comparatively negligent.

In accordance with the foregoing, we hereby **GRANT** Defendants' request for a ruling that Regulation 6979 applies to the facts of this case. (Docket No. 52).

We remind the parties of the Settlement Conference scheduled for **September 22, 2011, at 1:30 P.M.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of September, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge