UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FRANCISCO PEREZ ORTIZ, et al.,

    Plaintiffs,

v.

ALBERIC COLON ZAMBRANA, et al.,

    Defendants.

Civil No. 09-2261 (JAF)

**O R D E R**

Pending before this court are several motions in this maritime tort suit.

Plaintiffs bring a "Motion for Reconsideration of Order" ("Motion for Reconsideration") under Federal Rule of Civil Procedure 59(e). (Docket No. 144.) Plaintiffs ask the court to reconsider our Order holding that Article 32(1) of Regulation 6979 of the Puerto Rico Regulations for the Registration, Navigation, and Aquatic Safety ("Regulation 6979"), Regs. for the Registration, Navigation and Aquatic Safety in P.R., art. 32(1), reg. 6979 (2005), enacted pursuant to 12 L.P.R.A. § 1401 (2000),[1] applies to the facts of this case. (Docket No. 142.) Defendants oppose. (Docket No. 147.)

Defendants bring a "Motion Requesting an Order Regarding Applicability of the Pennsylvania Rule" ("Motion Requesting Order"). (Docket No. 158.) Defendants ask this

---

[1] Certified translation provided at Docket No. 52-18.

Civil No. 09-2261 (JAF) -2-

court to apply the Pennsylvania Rule ("the Rule") against Plaintiffs on the issue of causation. (Id.)

We have already provided a detailed summary of the facts of this case in our Opinion and Order of September 12, 2011, granting Defendants' motion for partial summary judgment.[2] (Docket No. 140.)

# I.

# **Motions to Sever**

Plaintiffs advance several arguments in their Motion for Reconsideration. (Docket No. 144.) Plaintiffs' overarching argument is that the word "buceo" in Regulation 6979 cannot be held to apply to their activities on July 24, 2009. (Id.) We disagree. Our holding that Regulation 6979 applies to the facts of this case was based on the plain meaning of the word "buceo", translated as "the act of diving." (Docket No. 52-19.) As we stated in our previous opinion, it is a settled principle of statutory construction that "when a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning." Smith v. United States, 508. U.S. 223, 228 (1993). Courts may refer to the dictionary definition to determine a word's ordinary meaning. Id. at 228–29. Regulation 6979, by its ordinary meaning, required Plaintiffs to display a diving flag on July 24, 2009.

Without a doubt, when one decides to engage in diving, snorkeling or "buceo"-related activities, the mother boat must display a diving flag to alert other boats of such activities.

---

[2] We also included a brief summary and additional facts relevant to our Order holding that Regulation 6979 applies to the facts of this case. (Docket No. 142.)

Civil No. 09-2261 (JAF)                                                                                        -3-

Id. Failure to do so is an act of comparative negligence. In accordance with the foregoing, we hereby deny Plaintiffs' Motion for Reconsideration. (Docket No. 144.)

## II.

**Motion Requesting an Order Regarding Applicability of the Pennsylvania Rule**

Defendants request an Order that the Pennsylvania Rule applies to the facts of the case. (Docket No. 158.) The Rule is a burden-shifting mechanism announced by the Supreme Court in the nineteenth century in The Pennsylvania, 86 U.S. (19 Wall.) 125, 135 (1873). The Rule, like many others from the epoch, such as the Limitation of Shipowners' Liability Act, Act of Mar. 3, 1851, ch. 43, 9 Stat. 635 (current version at 46 U.S.C. §§ 30501–30512 (2006)), contains harsh rules that with the passage of time have been circumscribed by courts to their intended purpose. The Pennsylvania Rule applies in certain maritime cases in which one party's breach of a statutory or regulatory duty was causally related to the injury that occurred. The Pennsylvania, 86 U.S. at 135. When invoked, the Rule requires the party who breached a duty to prove that his breach could not have caused the injury that occurred. Id. at 136. The Rule is limited to causation; it does not affect liability or fault. Cont'l Grain Co. v. P.R. Mar. Shipping Auth., 972 F.2d 426, 436 (1st Cir. 1992).

The Pennsylvania Rule traditionally applied only where there had been "violation of a statutory rule intended to prevent collisions." The Pennsylvania, 86 U.S. at 136 (emphasis added). Courts have since extended the Rule's application to cases involving "allisions,

Civil No. 09-2261 (JAF)                                                                                                          -4-

collisions between a vessel and a stationary object, and vessel strandings." Cont'l Grain Co., 972 F.2d at 436 (1st Cir. 1992). The First Circuit has based its decisions about how far to extend the Rule on its understanding that the "policy underlying the rule . . . is to assure strict compliance with the rules pertaining to the safe operation of ships." Id. (applying the Rule against defendant shipowners whose regulatory violations contributed to ship's capsizing and sinking). Calling the Rule "a drastic and unusual presumption," Poulis-Minott v. Smith, 388 F.3d 354, 365 (1st Cir. 2004) (quoting G. Gilmore & C. Black, The Law of Admiralty 494 (2d ed. 1975)), "[c]ourts have been reluctant to 'extend the Rule's application in ways that would unmoor it beyond its animating principles.'" Id. (declining to apply the Rule in a Jones Act case) (quoting Dir. Gen. Of India Supply Mission v. S.S. Maru, 459 F.2d 1370, 1375 (2d Cir. 1972)).

Defendants ask us to apply the Rule against Plaintiffs, who were injured while diving. We do not believe the Rule, originally intended to prevent ship collisions, applies to this personal injury action. To apply the Rule in this case "would be a departure from the limited and cautious manner in which the courts, with good reason, have traditionally invoked this powerful rule." Poulis-Minott, 388 F.3d at 365. We, therefore, decline to apply the Rule in this case.

In accordance with the foregoing, we hereby **DENY** Plaintiff's Motion for Reconsideration (Docket No. 144), and **DENY** Defendants' Motion Requesting an Order Regarding Applicability of the Pennsylvania Rule. (Docket No. 158.)

Civil No. 09-2261 (JAF)                                                                                          -5-

1       We remind the parties of the Settlement Conference scheduled for **October 28, 2011,**

2       **at 1:30 P.M.**

3       **IT IS SO ORDERED**.

4       San Juan, Puerto Rico, this 27${}^{\text{th}}$ day of October, 2011.

5                                               s/José Antonio Fusté
6                                               JOSE ANTONIO FUSTE
7                                               U.S. District Judge
8
9
10
11
12